# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

August 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

LATRICIA MCGEE and husband,       )
CECIL MCGEE,                       )
                                   )
    Plaintiffs/Appellees,          )
                                   )    Appeal No.
                                   )    01-A-01-9810-CV-00539
VS.                                )
                                   )    Davidson Circuit
                                   )    No. 95C-3787
GUY MAYNARD and FLEET              )
TRANSPORT COMPANY, INC.,           )
                                   )
    Defendants/Appellants.         )

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE THOMAS W. BROTHERS, JUDGE

JOSEPH K. DUGHMAN
315 Deaderick Street
2075 First American Center
Nashville, Tennessee 37238-2075
    Attorney for Plaintiffs/Appellees

JOLADE A.O. MOORE
1815 Jefferson Street, #204
Nashville, Tennessee 37208
    Attorney for Defendants/Appellants

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

The question presented in this appeal is the proper amount of an attorney's fee where the attorney was discharged prior to the termination of the case below. The Circuit Court of Davidson County awarded the lesser of the contract amount or quantum meruit. The appellant asserts that the contract amount should have included one-third of an additional $15,000. We affirm the decision of the trial court in rejecting the appellant's contention.

I.

The appellant represented the plaintiffs in a personal injury action. After the completion of discovery the appellant and her clients had a disagreement over the value of the claim. At the plaintiffs' request, the appellant withdrew as counsel and filed a notice of a lien on the right of action pursuant to Tenn. Code Ann. § 23-2-102, 103. The notice stated that the lien was based on quantum meruit. The appellant attached an exhibit reflecting an expenditure of time and expenses in the amount of $8,576.50. With new counsel, the plaintiffs settled the case and the court set a hearing on the amount of the appellants lien.[1] After the hearing the court entered the following order:

> This cause came to be heard before the Honorable Thomas W. Brothers on the 9th day of August, 1998, upon the motion of Jola Moore to determine attorney fees, testimony of the Plaintiff, Affidavit of Jola Moore, statements of counsel, and the record as a whole, from all of which the Court is of the opinion as follows:
>
> 1. The Court finds that Plaintiffs were justified in discharging Jola Moore, and the Court finds that Jola Moore was terminated with cause.
>
> 2. Jola Moore is awarded an attorney fee based upon the lesser of *quantum meruit* or contract. The Court finds there was a $10,000.00 offer made by the Defendants at the time that Jola Moore was discharged. The Court finds that Jola Moore is entitled to a fee of

---

[1]No issue arose in this case over the proper procedure for the determination of an attorney's lien under Tenn. Code Ann. § 23-2-102, 103. We would point out that the process is fairly complicated, and we refer interested parties to our opinion in *Starks v. Browning*, App. No. 01A01-9801-CV-00038, filed at Nashville Aug. 3, 1999.

$3,333.33, and further awards $64.00 in expenses, for a total of $3,397.33.

3. The Court further finds that the balance of the money held in escrow shall be paid to the Plaintiffs.

The appellant filed a "Motion to Stay Execution of Order and For Review" which the court treated as a Rule 59.04 Motion to Alter or Amend. According to the motion the offer made to the plaintiffs while they were represented by the appellant included $15,000 in medical bills in addition to the $10,000 found by the court. Therefore the appellant sought an additional $5,000 for her fee. The court overruled the appellant's motion.

## II.

Both sides agree that the controlling authority is *Adams v. Mellen*, 618 S.W.2d 485 (Tenn. App. 1981). The trial judge correctly held that where a client discharges an attorney for cause, the attorney is entitled to recover the lesser of the contract price or quantum meruit. In *Adams*, this court said:

> We are of the opinion that the better rule is that a client's discharge of his attorney after refusing a settlement offer in a contingency fee case, unless done in bad faith, is not a breach; and that where there is no breach, the proper measure of recovery is the lesser of quantum meruit or the contract price.

618 S.W.2d at 488. *See also Crawford v. Logan*, 656 S.W.2d 360 (Tenn. 1983).

"For cause," therefore, includes a disagreement over the value of the claim; it does not necessarily suggest bad faith, incompetence, or neglect. It is based on the peculiar nature of the contract between an attorney and client, which includes the client's right to discharge the attorney whenever the client ceases to have absolute

confidence in the relationship.  *See Chambliss, Bahner and Crawford v. Luther*, 531 S.W.2d 108 (Tenn. App. 1975).

Thus, we conclude that the trial judge correctly found that the appellant was discharged for cause.  Her recovery, therefore, is governed by the lesser of the contract price or quantum meruit.

The appellant insists that even under this rule she is entitled to $8,333.33 (the contract price) because it is less than $8,576.50 (the total of her time and expenses, her version of quantum meruit).  The trouble with this argument is the complete absence of proof to support either figure.  Apparently the appellant's contract with the plaintiffs was for one-third of the recovery, and the offer over which the parties disagreed was an offer by the defendant to pay the plaintiffs $10,000 "plus one-half of the medical expenses."  The plaintiffs concede that much, but there is no proof of the amount of the medical expenses.  At the hearing, the parties talked in general terms about the medical expenses, but there is no proof from which we could infer that the figure the defendant was willing to pay for medicals was $15,000 (based on a total of $30,000 in medical expenses).

With respect to quantum meruit, the only proof in the record is the appellant's affidavit showing the hours she spent on the case and her hourly rate.  A recovery in quantum meruit, however, is not measured by the detriment to the plaintiff but by the benefit conferred on the defendant.  *Castelli v. Lien*, 910 S.W.2d 420 (Tenn. App. 1995).  The two are obviously not the same.  In *Skeens v. Rust Engineering Company*, 1989 WL 70739, at * 3 (Tenn. App. June 30, 1989), this court referred to the factors that bear on a "reasonable" fee in determining the amount of recovery based on quantum meruit.  The time devoted to performing the legal service is only one factor in an extensive list.  *See* Rules of the Tennessee Supreme Court, Rule 8, Code of Professional Responsibility, DR 2-106(B).

The appellant also argues that the only reason the trial judge denied any fee for the medical expenses was the fact that at the first hearing she did not have the executed contracts with the medical providers showing that they had employed her to pursue their subrogation interests. She produced the contracts at the hearing on the motion to alter or amend, and now asserts that she is automatically entitled to a fee based on the $15,000 she asserts was included in the offer.

We have already noted the defects in the proof about the medical expenses. The trial judge alluded to the lack of proof at the conclusion of the second hearing. Viewing the proof at both hearings, we cannot conclude that the trial judge would have awarded the appellant an extra $5,000 if only she had introduced the agreements at the first hearing.

We are also of the opinion that the appellant has confused the nature of her motion to fix the amount of her lien. She was asking the court to fix the amount owed to her by the plaintiffs. It does not appear why the plaintiffs would be responsible to the appellant for a fee on the amount recovered for the insurance companies. We realize that plaintiffs' lawyers often represent other parties who have subrogation rights, but great care must be exercised to avoid the inevitable conflicts that arise when the claim is settled.

The appellees assert that this is a frivolous appeal. Tenn. Code Ann. § 27-1-122. We are not persuaded that the appeal was taken solely for delay or was otherwise frivolous.

We affirm the judgment of the trial court. The cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

 

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE